the lien of the loan company is superior to that of the claim of the bank, arising from a mere assignment of an equitable interest, with no notice thereof to the loan company.

*Decree accordingly.*

JUSTICE and CROW, JJ., concur.

LOWELL *v.* THE SUPERIOR-THIRD REALTY CO. ET AL.

(Decided December 24, 1928.)

*Mr. J. Albert Lowell,* for plaintiff in error.
*Messrs. Calfee, Fogg & White,* for defendants in error.

Houck, J. This is an error proceeding, and reaches this court on a petition in error filed from a judgment entered in the common pleas court of Cuyahoga county. The plaintiff in error, F. Lowell, seeks a reversal of the judgment entered in the lower court, wherein the court sustained a demurer to the amended petition filed by the defendants the Superior-Third Realty Company and the Guardian Trust Company, which was sustained on the ground that the amended petition did not state facts sufficient in law to constitute a cause of action.

The amended petition in part sets forth that, on the 1st day of April, 1923, the Superior-Third Realty Company executed a first mortgage deed of trust to the Guardian Trust Company, as trustee, securing an issue of $575,000 in 7 per cent. first mortgage leasehold gold bonds, which trust deed is recorded in the recorder's office of Cuyahoga county, Ohio, upon certain real estate therein described.

The plaintiff further avers that the bonds were all certified and issued by the said trustee in the aggregate sum of $575,000; that the plaintiff is the owner of $9,000 worth of bonds secured by the said mortgage deed of trust, and that coupons are attached to said bonds on which interest is payable on October and April of each year.

It is further alleged in said amended petition that, according to the terms of the said deed of trust,

there were approximately $25,000 of principal payments due April 1, 1927; that the said the Superior-Third Realty Company failed to pay the principal of the bonds due on that date; that the company failed to pay interest on coupons which became due October 1, 1927; and that on divers and sundry occasions more than three months subsequent to the default of said principal payments the plaintiff, on behalf of herself and all other bondholders of the same class similarly situated, made repeated demands and requests that the said Guardian Trust Company act under said mortgage for the collection of the said interest and principal for protection and enforcement of the lien of the said mortgage, but that it refused and failed to act in the premises.

The amended petition further avers that W. F. Hennessy is the owner of all of the stock of all of the affiliated companies; that there is an interlocking directorate; that each of the companies have issued bonds on each of the buildings owned by the defendant companies; and that some of the properties owned by the defendant companies are losing money.

The amended petition also alleges that the directors of the said company endeavored to coerce bondholders to enter and pool their said holdings although it is not for their best interest so to do, that they threaten to exclude the nonconsenting bondholders at the foreclosure sale by means of a pool, and further threatened that they would pay interest on the new bonds of the allied companies to pooling bondholders, but would not pay interest on the Superior-Third Realty Company bonds, which threat was carried into effect, whereby funds were diverted

from the Superior-Third Realty Company upon which plaintiff and other bondholders had a prior lien, and that these funds were issued to pay interest to the bondholders who had joined the pool.

Further allegations are set forth in the amended petition, which, in substance, charge fraud, mismanagement, and misappropriation of the property and bonds of the Superior-Third Realty Company.

Plaintiff prayed for an injunction; that a receiver may be appointed; that a foreclosure of the mortgage bonds may be had; and for an accounting and also other equitable relief.

We have read and analyzed with much care the averments and statements of fact set forth in the amended petition for the purpose of determining as to whether or not it was sufficient as against a general demurrer.

It seems to be the well-settled law in this as well as other jurisdictions that, although a trust deed may provide as to how and when suit may be brought by one claiming thereunder either in law or in equity, and as to certain conditions named in the mortgage, yet in a proper case equity may and should intervene notwithstanding such provision or provisions.

In the case at bar, the amended petition alleges conspiracy between unsecured creditors, the officers and directors of the company, and the trustee, and it is stated that, by virtue of the said conspiracy, all those bondholders that pooled their bonds would secure a preference. It is further stated in the amended petition that the officers and stockholders of the companies themselves were securing benefits to themselves by the diversion of funds.

It will be conceded that the office of a general demurrer is not to make a petition more definite and certain, but it goes to the question whether any cause of action is stated, or whether the plaintiff is entitled to any relief. A general demurrer reaches defects in substance only and not in form.

It will be further conceded by counsel that a demurrer admits not only what is expressly alleged in a pleading, but also whatever can by fair and reasonable intent be implied from the allegations thereof; also that a demurrer only admits facts that are well pleaded.

We cite the parties and their counsel to the following authorities, which bear out, we think, the comments herein made as to the force and effect of a general demurrer. *Bush* v. *Critchfield*, 5 Ohio, 109; *Dawson* v. *Dawson*, 25 Ohio St., 443; *Peterson* v. *Roach*, 32 Ohio St., 374, 30 Am. Rep., 607.

Further comment is unnecessary except to say that we are of the unanimous opinion that the trial judge committed prejudicial error in the premises, and that it is the judgment of this court that the judgment entered in the instant case in the common pleas court should be reversed, and the cause be remanded to the common pleas court, with instruction to overrule the demurrer to the amended petition of plaintiff.

*Judgment reversed and cause remanded.*

SHIELDS and LEMERT, JJ., concur.

Judges of the Fifth Appellate District sitting in place of Judges SULLIVAN, VICKERY and LEVINE, of the Eighth Appellate District.